UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ANNA FAIR, | ) | CIV. 11-5005-JLV |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER GRANTING IN PART AND** |
| vs. | ) | **DENYING IN PART PLAINTIFF'S** |
| | ) | **MOTION FOR RULING AS TO** |
| NASH FINCH COMPANY, and | ) | **CONFIDENTIALITY** |
| SEDGWICK CMS, | ) | [DOCKET NO. 112 ] |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff Anna Fair's complaint alleging bad faith denial of her worker's compensation insurance claim.  See Docket No. 34.  Ms. Fair and defendants stipulated to the entry of a protective order in this case.  See Docket No. 56.  Under the terms of that agreed-upon order, defendants may mark documents they produce in discovery to Ms. Fair "confidential" if they believe such documents are entitled to protected status. Id. at ¶ 1.  If a document is so marked, Ms. Fair may use the documents in this case, and may disclose them to her consultants and experts, but she may not disclose the documents further and any consultants and experts have to agree to abide by the terms of the protective order.  Id. at ¶¶ 2-3.

If Ms. Fair disagrees that a particular document is entitled to protected status under the law, she may challenge defendants' "confidential" designation and ask the court to determine whether the document is entitled to protection.

Id. at ¶ 5.  If Ms. Fair challenges a "confidential" designation, defendants bear the burden of demonstrating entitlement to a protective order as to that document.  Id.  If documents marked "confidential" are used in support of pleadings filed with the court, they are filed under seal.  Id. at ¶ 6.

Several such documents have been marked "confidential" and produced by defendants in discovery.  Ms. Fair obtained two documents through discovery that she asserts should not be included under the protective order. These documents are Sedgwick CMS Rule 30(b) (6) Deposition Exhibits 3 and 4.[1]  See Docket No. 112-1 and 112-2.  Since filing the original motion, Ms. Fair has acknowledged that Exhibit 4 (Docket No. 112-2) should remain confidential and withdrew her motion as regards Exhibit 4.  See Docket No. 124.

Therefore, now pending before the court, and pursuant to ¶ 5 of the protective order, Ms. Fair has moved for an order seeking the court's determination that Sedgwick CMS Rule 30(b)(6) Deposition Exhibit 3 is not entitled to protected status.  She seeks the court's order unsealing this Exhibit.

Federal Rule of Civil Procedure 26(c)(1)(G) authorizes a court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," by "requiring that a

---

[1] Ms. Fair's initial motion incorrectly captioned the exhibits as Nash Finch Rule 30(b)(6) Deposition Exhibits.

2

trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The party seeking a protective order has the burden of demonstrating that good cause exists for issuance of the order. <u>Saint Louis Univ. v. Meyer</u>, 2008 WL 1732926, * 1 (E.D. Mo. 2008). "Broad allegations of harm do not satisfy the good cause requirement." <u>Id.</u> "Rather, 'the moving party must demonstrate that disclosure will work a clearly defined and very serious injury.' " <u>Id.</u> (quoting <u>Uniroyal Che. Co. v. Syngenta Crop. Prot.</u>, 224 F.R.D. 53, 56 (D. Conn. 2004) (quoting <u>Cuno, Inc. v. Pall Corp.</u>, 117 F.R.D. 506, 508 (E.D.N.Y. 1987))).

Exhibit 3 is a report showing the volume of claims paid by Sedgwick's Minneapolis, Minnesota office in 2002. Defendants assert that Exhibit 3 contains "very specific financial data that was created for this lawsuit and would not ordinarily be available to the general public." <u>See</u> Docket No. 122 at 5. Additionally, defendants assert that preventing Ms. Fair from disseminating the information or retaining it after the lawsuit causes no harm to her. <u>Id.</u> Defendants offer no other support to show that Exhibit 3 is entitled to protective status.

Defendants do not assert that Exhibit 3 is a trade secret. A trade secret is defined as

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can

3

> obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

S.D.C.L. § 37-29-1.   Defendants make no attempt to argue that Exhibit 3 falls within this definition.  Furthermore, the report showing the volume of claims paid by a Sedgwick office in 2002 does not derive some independent economic value.  In addition, defendants do not assert that the information contained in Exhibit 3 contains confidential research, development, or commercial information.  Rather, defendants only assert that the financial information contained in Exhibit 3 is not ***ordinarily*** available to the general public.  The defendants have not carried their burden of proof in establishing that Exhibit 3 is entitled to protective status.  Therefore, it is hereby

ORDERED that Ms. Fair's request for a ruling that Sedgwick CMS Rule 30(b)(6) Deposition Exhibits 3 and 4 is granted in part and denied in part.  Ms. Fair's request to unseal Exhibit 4 (Docket No. 112-2) is denied as moot as Ms. Fair is no longer seeking to unseal Exhibit 4.   Ms. Fair's request to unseal Exhibit 3 (Docket No. 112-1) is granted.  It is further

4

ORDERED that the clerk's office shall unseal the following document in the court's record found at the indicated docket number: Unseal Docket No. 112-1.

Dated July 10, 2012.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE